**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4982-17T3

ULTIMATE HOLDING, LLC,

    Plaintiff-Respondent,

v.

ANGEL HERNANDEZ,

    Defendant-Appellant.

_____

Submitted May 28, 2019 – Decided June 13, 2019

Before Judges Fasciale and Gooden Brown.

On appeal from Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-043758-10.

Angel Hernandez, appellant pro se.

Traina & Traina, attorneys for respondent (Jack A. Traina, on the brief).

PER CURIAM

In this tax sale foreclosure action, defendant appeals from a May 25, 2018 order denying his motion to vacate an order of possession entered on September

28, 2012.[1]   Judge Barry P. Sarkisian entered the May 25, 2018 order and rendered a statement of reasons.  We affirm.

I.

In August 2010, plaintiff, Ultimate Holding, LLC, filed a foreclosure complaint in connection with a tax sale certificate encumbering defendant's property.  In 2011, default was entered against defendant.  In September 2012, before final judgment was entered, the court entered an order for possession.  In June 2013, defendant moved to vacate the order for possession, which was denied in September 2013.  Defendant contends that he was evicted from the property in April 2014.

In May 2014, defendant filed a motion for a stay pending appeal, which the trial judge denied.  On August 25, 2014, the trial judge entered another order for possession in relation to another tenant on the property.  The tenant allegedly resided in defendant's former apartment, which defendant asserted he leased to the tenant.  The trial judge conducted a plenary hearing, and concluded that the alleged lease between defendant and the tenant was "an attempt to frustrate the

---

[1]  The May 25, 2018 order refers to a September 18, 2012 order.  But in the judge's decision, he refers to both September 18 and September 28 as the date of the order of possession.  The correct date of the order, which is in plaintiff's appendix, is September 28, 2012.  In a May 8, 2018 letter from the judge to the parties, the judge correctly refers to the order as dated September 28, 2018.

A-4982-17T3

orders" of the court. In October 2014, the court entered an order fixing a date and time for redemption.

In November 2014, this court denied defendant's pro se motion for a stay of the proceedings below. When defendant did not redeem the tax certificate, a final judgment of foreclosure was entered on March 11, 2015. The judgment was recorded with the county clerk's office. On March 24, 2015, in an unpublished opinion, we reversed the court's September 2013 order denying defendant's motion to vacate the order for possession. Ultimate Holding, LLC v. Hernandez, No. A-1018-13 (App. Div. Mar. 24, 2015). We concluded that the order of possession was improperly entered before a final judgment of foreclosure had been entered. Id. at 3-4.

Over three years later, in April 2018, defendant moved to vacate the September 2012 order of possession and restore his ownership of the property; defendant argued that his eviction was illegal. On May 25, 2018, Judge Sarkisian entered an order and rendered a statement of reasons denying defendant's motion to vacate the order for possession. The judge found that defendant's motion was barred by the doctrine of laches. The judge also noted that defendant's argument that he was wrongfully evicted was based on the court's entry of the order for possession before it entered a final judgment, and

since plaintiff subsequently obtained a final judgment, defendant's allegations were moot.

II.

Defendant raises a single point on appeal. He contends that the doctrine of laches is not applicable in this case, and that his failure to take action sooner was excusable. Defendant asserts that the reason for the three-year delay was that his lawyer was negligent and he mistakenly believed that his lawyer was handling the matter.

"Laches[,] in a general sense[,] is the neglect, for an unreasonable and unexplained length of time, under circumstances permitting diligence, to do what in law should have been done." Lavin v. Bd. of Educ. of Hackensack, 90 N.J. 145, 151 (1982). Moreover, it "involves more than mere delay, mere lapse of time. There must be delay for a length of time which, unexplained and unexcused, is unreasonable under the circumstances and has been prejudicial to the other party." Northwest Covenant Med. Ctr. v. Fishman, 167 N.J. 123, 140 (2001). "Factors considered in determining whether to apply laches include '[t]he length of delay, reasons for delay, and changing conditions of either or both parties during the delay.'" Id. at 141 (alteration in original) (quoting Lavin, 90 N.J. at 152). "The primary factor to consider when deciding whether to apply

4

laches is whether there has been a general change in condition during the passage of time that has made it inequitable to allow the claim to proceed." Ibid. "[W]hether laches should be applied depends upon the facts of the particular case and is a matter within the sound discretion of the trial court." Mancini v. Twp. of Teaneck, 179 N.J. 425, 436 (2004) (quoting Garrett v. Gen. Motors Corp., (8th Cir. 1988)). There is an abuse of discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Here, in his statement of reasons, the judge noted that defendant waited three years after our decision in March 2015 to bring the motion to vacate, and defendant gave no justification as to why he waited until April 2018 to file it. The judge also found that plaintiff would be "significantly prejudiced" if the court entertained defendant's motion because plaintiff had obtained a final judgment three years earlier, and presumably had rented the property to other tenants. The judge noted that our reasoning for concluding that defendant was wrongfully evicted in 2014 was because the order of possession was entered before the entry of final judgment. However, the judge reasoned that defendant's

 A-4982-17T3

argument was now moot because plaintiff had since obtained a final judgment, in March 2015.

Accordingly, we agree that there is no excuse for defendant's three-year delay in bringing the motion. Defendant waited too long to bring the motion, he has been off of the property since 2014, and plaintiff obtained a foreclosure judgment in 2015. Defendant cannot wait nearly four years after he has been removed from his apartment to attempt to regain possession. Defendant offers no support for his assertions that his lawyers made misrepresentations to him regarding the status of his motion. Thus, the judge did not abuse his discretion in applying the doctrine of laches.

III.

We briefly note that even if the doctrine of laches does not apply, defendant's motion was untimely under Rule 4:50-2.

A motion to vacate a final judgment is governed by Rule 4:50-1. "The rule is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" Guillaume, 209 N.J. at 467 (quoting Mancini v. EDS, 132 N.J. 330, 334 (1993)). A party seeking relief under Rule 4:50-1(a), must show both excusable neglect and a meritorious defense. See

Guillaume, 209 N.J. at 469.  Excusable neglect can be found if "the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'"  Id. at 468 (quoting Mancini, 132 N.J. at 335).  Rule 4:50-2 provides that a motion to vacate a final judgment "shall be made within a reasonable time, and for reasons (a), (b), and (c) of R[ule] 4:50-1 not more than one year after the judgment, order or proceeding was entered or taken."

Here, defendant could not show either excusable neglect or a meritorious defense to warrant relief from the final judgment of foreclosure.  Defendant did not raise any defense to his obligation to pay his taxes, and he was aware of the foreclosure proceedings.  Defendant was aware of plaintiff's motion to set a date and time to redeem the tax sale certificate.  Now, more than three years since final judgment was entered, defendant moves to vacate the judgment.  Defendant's motion in April 2018 is more than one year since the final judgment was entered in March 2015, and thus, defendant's motion is untimely under Rule 4:50-2.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-4982-17T3